1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AHMED MADRY,                                    No. C 09-1663 SI

        Plaintiff,                    **ORDER GRANTING DEFENDANTS'**
                                                **MOTION TO DISMISS COMPLAINT**
  v.                                          **WITHOUT PREJUDICE**

INTEROCEAN AMERICAN SHIPPING
CORPORATION, a corporation, BOB LAYCO,
and individual, and DOES 1-10,

        Defendants.
_____/

     Defendants, by and through the United States Department of Justice, move to dismiss the

complaint on the ground that this Court lacks subject matter jurisdiction.  On June 19, 2009, the Court

heard oral argument on the motion.  Having considered the arguments of the parties and the papers

submitted and for good cause shown, the Court hereby GRANTS defendants' motion.


**BACKGROUND**

     On March 16, 2009, plaintiff Ahmed Madry filed a complaint against defendants Interocean

American Shipping Corporation ("Interocean"), Bob Layco, and Does 1-10 ("defendants") in the

Superior Court of California, County of Alameda.  Plaintiff alleges that during his service as a seaman

on the *SS Beaver State*, "Interocean permitted Bob Layco, Madry's supervisor, to engage in a campaign

of abuse that included threats, slurs, physical endangerment and injury because of Madry's race and

nationality."   Compl. ¶ 7.   Plaintiff alleges claims for battery, harassment, and employment

discrimination under the California Fair Employment and Housing Act ("FEHA").  Plaintiff seeks, *inter*

United States District Court
For the Northern District of California

1    *alia*, damages, past and future income and benefits.  On April 15, 2009, defendant Interocean removed

2    this action to this Court pursuant to 28 U.S.C. § 1441.

3         Defendants, by and through the United States Department of Justice, move to dismiss the

4    complaint on the ground that this Court lacks subject matter jurisdiction.  Plaintiff did not name the

5    United States as defendant.   However, defendants have submitted evidence showing that the *SS Beaver*

6    *State* was owned by the United States through the Maritime Administration ("MARAD") under a

7    General Agency Agreement by the United States' General Agent, Interocean.  *See* Declaration of Otto

8    A. Strassburg, ¶ 1; Declaration of Eric Kaufman-Cohen Ex. A.  Defendants contend that as a result of

9    the General Agency Agreement, plaintiff's claims fall under the purview of the Clarification Act, 50

10   U.S.C. Appx. § 1291(a), and the Suits in Admiralty Act, 46 U.S.C. §§ 30901, *et seq.* ("SIAA"), and thus

11   that plaintiff's remedy lies solely and exclusively against the United States.  Furthermore, defendants

12   contend that the complaint cannot be amended to name the United States as a proper party because

13   plaintiff has not exhausted his administrative remedies as required by the Clarification Act and the

14   SIAA.

15

16                          **LEGAL STANDARD**

17        Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction

18   over the subject matter of the complaint.  *See* Fed. R. Civ. Pro. 12(b)(1).  As the party invoking the

19   jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the

20   requisite subject matter jurisdiction to grant the relief requested.  *See Kokkonen v. Guardian Life Ins.*

21   *Co. of America*, 511 U.S. 375, 377 (1994) (citation omitted).  A complaint will be dismissed if, looking

22   at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually."

23   *Thornhill Pub'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  When the

24   complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the

25   complaint will be taken as true and construed in the light most favorable to the plaintiff.  *NL Indus. v.*

26   *Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

27        In deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no

28   presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material

facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**DISCUSSION**

Defendants contend that this Court lacks subject matter jurisdiction because (1) plaintiff's exclusive remedy lies solely against the United States, which was not a named party; and (2) plaintiff has failed to comply with the mandatory administrative prerequisites to suit, which cannot be cured by amending the complaint to add the United States as the proper party. The Court will address each argument in turn.

**I.     Plaintiff's Exclusive Remedy**

Defendants contend that because Interocean and Mr. Layco were acting as agents of the United States pursuant to 47 C.F.R. Part 315.2 and the SIAA, plaintiff's exclusive remedy lies against the United States and not defendants. According to defendants, "under the SIAA, suits arising from conduct of agents of the United States, such as Interocean and Mr. Layko, may only be maintained against the United States directly, and not its agent or employee."

Plaintiff contends that the Clarification Act is inapplicable to his claims because Congress did not intend for the Act to immunize employers who violate an employee's civil rights. Plaintiff notes that the Clarification Act, which was passed during World War II, predates the Civil Rights Act of 1964 and that Congress did not intend to preempt state and federal employment discrimination claims.[1] Plaintiff does not cite any authority for this contention.

The Court finds plaintiff's reasoning unavailing. Defendant has submitted uncontroverted evidence that the *SS Beaver State* is owned by MARAD and is a public vessel of the United States. Strassburg Decl. ¶ 1; Kaufman-Cohen Decl. Ex. A. As a result, Interocean is a General Agent of the United States and its employees, such as Mr. Layco, are agents of the United States. *See* 46 C.F.R. Part

---

[1] Although plaintiff's opposition repeatedly references Title VII of the Civil Rights Act, plaintiff does not allege any claims under Title VII.

United States District Court
For the Northern District of California

315.3.  Because the ship was owned and operated by the United States, plaintiff's remedy regarding these injuries is governed by the SIAA, 46 U.S.C. § 30904 , which is incorporated into the Clarification Act, 50 U.S.C. App. § 1291.  *See Smith v. United States*, 873 F.2d 218 (9th Cir. 1989).  Furthermore, the kinds of claims alleged by plaintiff are governed by the SIAA.  *See, e.g.*, *Kasprik v. United States,* 87 F.3d 462, 465 (11th Cir. 1996) ("... seaman's claims arising from employment aboard vessels owned by the United States are governed by the Clarification Act, and enforced pursuant to the terms of the Suits in Admiralty Act.").

Because of the applicability of the Clarification Act, plaintiff's action must be enforced pursuant to the requirements of the SIAA, which prohibits suits against any "officer, employee, or agent of the United States or federally-owned corporation whose act or omission gave rise to the claim."  46 U.S.C. § 30904  (2006).   As agents of the United States through the General Agency Agreement, Interocean and Mr. Layco are improper defendants as a matter of law, and plaintiff's exclusive remedy is against the United States.  *See Dearborn v. Mar Ship Operations, Inc.*, 113 F.3d 995, 996 (9th Cir. 1997) (holding that the exclusivity provisions of the SIAA mandate that an action in admiralty be brought solely against the United States).

Even if the Clarification Act did not apply to plaintiff's claims, the United States' ownership of the *SS Beaver State* under a General Agency Agreement would bring the complaint under the Public Vessels Act, 46 U.S.C. §§ 31101-13 ("PVA"), which also incorporates the SIAA and its exclusivity requirement.  *See Cosmopolitan Shipping Co., Inc. v. McAllister*, 337 U.S. 783; *Dearborn*, 113 F.3d at 996.

## II.   Amending the Complaint to Include the United States as a Proper Party

Defendants also argue that the jurisdictional defect cannot be cured by amending the complaint to add the United States as the proper party.  Defendants contend that plaintiff failed to file an administrative claim with MARAD, which the SIAA requires as a prerequisite to filing suit against the United States in federal court.

Where the United States has consented to be sued, the terms of its consent define the court's jurisdiction.  *United States v. Sherwood*, 312 U.S. 584 (1941).  Congress has provided a limited

4

United States District Court
For the Northern District of California

opportunity to recover damages from the United States by allowing for a waiver of the nation's sovereign immunity in the SIAA and the Clarification Act. *Smith*, 873 F.2d at 219. However, Congress has restricted this waiver in two ways. *Id.* at 220. First, under the SIAA, a plaintiff is required to bring suit within a two-year statute of limitations. *See* 46 U.S.C. § 3095 (2006). Second, under the Clarification Act, a plaintiff must exhaust administrative remedies before filing suit in court. *See* 50 U.S.C. App. § 1291(a).

Plaintiff does not directly address the Clarification Act's administrative requirement, and instead continues to assert that the Act does not preempt claims under the Fair Employment and Housing Act ("FEHA"). Relatedly, plaintiff contends that he has exhausted his administrative remedies by filing a complaint with the Department of Fair Housing and Employment. However, plaintiff has not exhausted his claims with MARAD as required by the Clarification Act. *See Smith*, 873 F.2d at 222. The Ninth Circuit has held that failure to abide by the above-cited regulations is a jurisdictional bar to suit. *Id.* at 221. Because plaintiff has not filed the necessary administrative claim with MARAD, any amendment would be futile.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court GRANTS defendants' motion to dismiss plaintiff's complaint without prejudice. [Docket No. 4] If plaintiff wishes to pursue a lawsuit against the United States, he must first comply with the administrative prerequisites mandated by the Clarification Act and the SIAA. The Court notes that at oral argument, plaintiff's counsel stated that there is still time for plaintiff to comply with these requirements.

**IT IS SO ORDERED.**

Dated: June 19, 2009

_____
SUSAN ILLSTON
United States District Judge